IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHAN DANIEL CASTORENA,

        Petitioner,

    v.                    CASE NO. 13-3144-SAC

ATTORNEY GENERAL, STATE
OF KANSAS,
        Respondent.[1]

**MEMORANDUM AND ORDER**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Bradshaw State Jail in Henderson, Texas. Petitioner has filed a motion for leave to proceed in forma pauperis together with financial information indicating that the motion should be granted. Having considered the materials filed, the court finds that petitioner fails to state a claim for federal habeas corpus relief and fails to show that he has fully and properly exhausted state court remedies.

**FACTUAL BACKGROUND AND CLAIMS**

In 2004, Mr. Castorena was convicted upon his plea of nolo contendere in Montgomery County District Court, Independence, Kansas, of drug-related offenses. He cites case No. 04CR280. He was sentenced to "5 years/suspended sentence – 2 years probation."

---

1    Petitioner has named a different and improper respondent on his motion for leave to proceed in forma pauperis. The only proper respondent in a habeas corpus petition is the petitioner's current custodian.

He alleges that he did not directly appeal his conviction or sentence. Mr. Castorena's other allegations indicate that he was eventually charged with violating his probation in the Kansas case.

The gist of petitioner's complaint is that the Kansas sentencing court has not provided a speedy probation revocation hearing. However, his allegations concerning actions he has taken in state court to secure a probation revocation hearing are not clear and at times even contradictory. In response to initial questions in his form petition regarding his Kansas conviction and exhaustion of state court remedies, he alleges that on April 3, 2013, he filed a motion for speedy revocation hearing in case No. 04CR280, which was "refused without cause." However, he also alleges that he has not appealed to the highest state court because this motion has not been ruled upon by the lower court. As Ground 1, Mr. Castorena asserts that he has been denied due process. As facts in support, he alleges that he was repeatedly denied a speedy trial and an answer on his state habeas corpus petition. He again states that he failed to exhaust because his "motion/petition for habeas corpus has not been answered" as of August 15, 2013. He further alleges that "this old Kansas case" has "a hold on him" that is preventing him from "advancing (his) line class (status) in the (Texas) institution" where he is currently serving a five-year sentence, as well as impeding him from various work details and from earning days off his sentence. In response to questions regarding post-conviction proceedings, petitioner

answers that he raised this ground through "habeas corpus & writ of mandamus" in the state trial court that has not been answered. Finally, petitioner sets forth the following chronology of events. On February 27, 2013, he "first filed" a "motion for speedy revocation hearing on his probation violation. Judge Gossard heard the matter and denied the motion on April 3, 2013.[2] On April 12, 2013, petitioner again filed a Motion for Speedy Revocation Hearing and included a request for a bench warrant. On May 7, 2013, these motions were denied. On May 14, 2013, he filed "a writ of habeas corpus," and on July 15, he filed a "writ of mandamus" in the sentencing court "to get his habeas corpus responded to," neither of which has been "answered" as of August 15, 2013. Petitioner maintains that he cannot exhaust, because the state court will not address "the issue" and the matter is "still pending."

The court is asked to dismiss petitioner's 2004 Kansas criminal case "or run the sentence" in that case concurrent with the sentence he is now serving in Texas.

**DISCUSSION**

Mr. Castorena's claims would be more appropriately presented in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, as he is not challenging his Kansas conviction or sentence. Instead, he appears to be challenging an outstanding probation

---

2 These allegations are contrary to his earlier statement that he filed a motion for speedy revocation hearing on April 3, 2013.

violator warrant issued by Kansas authorities. In any event, he does not allege facts or present legal authority showing his entitlement to federal habeas corpus relief.

In *Morrissey v. Brewer* the United States Supreme Court held that the Due Process Clause requires that a parolee taken into custody for alleged violation of the conditions of parole be afforded an informal probable cause hearing "as promptly as convenient after arrest" and a more elaborate parole revocation hearing "within a reasonable time" thereafter. *Morrissey v. Brewer*, 408 U.S. 471, 485-89 (1972). In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Court held that the procedures required by *Morrissey* extend to probationers as well as to parolees.

However, a different rule applies when a probation violator, like Mr. Castorena, is serving an intervening sentence. The Tenth Circuit has long held that a petitioner's right to a parole or probation revocation hearing does not attach until his intervening sentence has been completed and he has been taken into custody pursuant to the violator warrant, even when the warrant was issued several years earlier. *See Small v. Britton*, 500 F.2d 299, 301 (10th Cir. 1974);[3] *U.S. v. Romero*, 511 F.3d 1281, 1284 (10th Cir.

---

[3] In *Small*, a federal parolee claimed that the parole board's delay in affording him a revocation hearing until after completion of his intervening state sentence violated his right to due process under the Fifth Amendment. The Circuit disagreed and held that it was the "execution" of the revocation warrant rather than the "issuance" which invokes the due process time requirements for the revocation hearings. It summarized its ruling as follows:

(1) the *Morrissey* decision requires that a revocation hearing be held

4

2008)("[T]here is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators," and "[b]ecause no warrant has been executed," petitioner "is not yet entitled to any of these procedural protections.")(citing *Moody v. Daggett*, 429 U.S. 78, 89 (1976); *Morrissey*, 408 U.S. at 471)); *McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633 (10th Cir. 1991))(A probationer "is not entitled to a probation-violation hearing until he is taken into custody pursuant to the probation-violation warrant," and need not be accorded a revocation hearing prior to completion of an intervening sentence.); *United States v. Gomez-Diaz*, 415 Fed.Appx. 890, 895 (10th Cir. 2011)(unpublished) [4] ("[A]ny pending grounds for revocation of supervised release on which the detainer was issued may await completion of Mr. Gomez-Diaz's state sentence without violating his constitutional rights,")(citing *see Moody*, 429 U.S. at 88–89)(and he "is not entitled to a revocation hearing until after he is taken into federal custody on the arrest warrant")(citing *see McDonald*,

---

within a reasonable time after the parolee is taken into custody; (2) a parolee is not "taken into custody" until the revocation warrant has been executed; (3) *Morrissey* does not require that a revocation warrant be executed immediately after it has been issued; and (4) incarceration in a state institution is a good reason for delay in the execution of a warrant.

*Id.* at 302.

4   Unpublished opinions are cited herein for persuasive reasoning and not as binding precedent.  *See* Fed.R.App.P. 32.1 & 10th Cir. R. 32.1.

5

955 F.2d at 631).[5] The holding of the Tenth Circuit was approved by the United States Supreme Court in *Moody*, 429 U.S. at 86. There, the Supreme Court expressly held that a parole violator serving an intervening sentence is not entitled to an immediate revocation hearing and that such hearing may be deferred to the expiration of the parolee's intervening sentence. The Court reasoned that loss of liberty occurs only upon execution of the warrant. *Id*.

In this case, Mr. Castorena is serving an intervening term of imprisonment imposed by the State of Texas. He complains of pending probation violator charges rather than untried criminal charges. Under the clear legal authority cited above, he does not have a right to a revocation hearing until he is taken into Kansas custody. *Gomez-Diaz*, 415 Fed.Appx. at 894. He may raise any challenge to a violator warrant or potential probation revocation once he is in Kansas custody. Until Mr. Castorena is "taken into custody by the (Kansas) authorities," he "has not been deprived of a liberty interest by (Kansas) state action, and is not entitled to the due

---

5    Petitioner does not allege that he sought resolution of a Kansas detainer under the Interstate Agreement of Detainers (IAD), and the facts he alleges suggest that no relief would be available under that Act. The IAD, which gives prisoner incarcerated in one jurisdiction the right to demand speedy disposition of "any untried indictment, information or complaint" that is the basis of a detainer lodged against him by another jurisdiction, does not apply to detainers based on probation-violation charges. *Carchman v. Nash*, 473 U.S. 716, 725-26 (1985). Generally, this is because the IAD, "by its terms, only applies to detainers based upon outstanding criminal charges, i.e., an untried indictment, information, or complaint, and, therefore, is not applicable to petitioner's probation violator detainer." *Baird v. Caroche*, 171 Fed.Appx. 260, 260-61 (10th Cir. 2006)(unpublished). The Supreme Court explained in *Carchman*, 473 U.S. at 725-26: "Although the probation-violation charge might be based on the commission of a criminal offense, it does not result in the probationer's being 'prosecuted' or 'brought to trial' for that offense. . . ." *Id.*

6

process safeguards set forth in *Morrissey*." *McDonald*, 955 F.2d at 633-34. The court concludes that Mr. Castorena's claim that his due process rights are being violated by the failure to hold a speedy revocation hearing on his Kansas probation violation is legally frivolous. *Gomez-Diaz*, 415 Fed.Appx. at 895; *Baird*, 171 Fed.Appx. at 260-61.

Petitioner's corollary complaint that the outstanding Kansas probation violation warrant or charge is adversely affecting his present conditions of confinement in Texas likewise presents no grounds for federal habeas corpus or other relief. This argument was also addressed in *Moody v. Daggett*, where the defendant alleged that "the pending warrant and detainer adversely affect his prison classification and qualification for institutional programs." *Moody*, 429 U.S. at 88 n. 9. The Supreme Court expressly ruled in *Moody* that a liberty interest did not arise because of possible adverse impact of a parole violator detainer on a prisoner's classification or eligibility for various rehabilitation programs. *Id*. The Court specifically applied its prior holding in *Meachum v. Fano*[6] to "prisoner classification and eligibility for rehabilitative programs" and held that no due process protections were required, even where a "grievous loss" results to the inmate. *Id.* It has also

---

6   In *Meachum,* the Supreme Court held that an inmate has no constitutional right to a particular classification or to confinement in a particular correctional institution, even when the inmate has been transferred to a prison with "substantially more burdensome conditions that [sic] he had been experiencing." *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976).

7

repeatedly been held in this Circuit that the mere fact that a state detainer may affect the conditions of a petitioner's current confinement does not entitle him to relief. *See e.g., Romero*, 511 F.3d at 1284 (Rejecting Romero's argument that "because the detainer warrant has not been executed" he was "prejudiced because he cannot participate in treatment and other prison programming."); *Baird*, 171 Fed.Appx. at 261; *McDonald*, 955 F.2d at 634 (Even if petitioner's contention "that because of the unexecuted detainer warrant, he is being prejudiced in his ability to take advantage of various educational and rehabilitative programs offered by the incarcerating institution" were well grounded, . . . the Supreme Court has rejected the concept that these kinds of adverse consequences of state action trigger a due process concern.")(citing *Moody*, 429 U.S. at 88 n. 9). In *Romero*, the Tenth Circuit explained that "[e]ven assuming there are some collateral adverse consequences, we have 'rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right.'" *Romero*, 511 F.3d at 1284-85 (citing *Moody*, 429 U.S. at 88, n. 9.). Thus, even if petitioner actually showed, rather than baldly alleged, that the Kansas probation-violation warrant is adversely impacting his classification or qualification for programs, no claim would be stated. Furthermore, prison officials have full discretion to control conditions of confinement and may reasonably determine, based on experience and expertise, that prisoners with outstanding

charges warrant more restrictive treatment.

It has also reasonably been held that a claim based upon conditions of confinement is not cognizable in a federal habeas corpus petition. As the Tenth Circuit explained in *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012)(citing 28 U.S.C. § 2241(c)(3)):

> "Though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement . . . ." *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). This court has "endorsed this distinction." *Id*. In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. *McIntosh*, 115 F.3d at 812. In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.

*Id*. (other citation omitted). Thus, petitioner's allegations that an outstanding Kansas probation violation charge is obstructing his rehabilitative programs in the state jail in Texas do not amount to a factual or legal basis for federal habeas corpus relief.

Similarly, petitioner's desire to have his probation violation term, if any, run concurrent with the Texas sentence he is currently serving does not entitle him to a revocation hearing before he is taken into custody by Kansas pursuant to the probation-violation warrant. *See McDonald*, 955 F.2d at 634.

Finally the court notes that federal habeas review is available only after a prisoner has exhausted all remedies available in the

9

courts of the State that issued the challenged process. While Mr. Castorena has filed repetitive motions in the sentencing court, at least two of which he alleges were denied, he admits that he has not appealed to a higher state court. His remedy, when he disagrees with a ruling of a state district court, is to file a notice of appeal to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court.

For the foregoing reasons, the court concludes that petitioner fails to state a valid claim for federal habeas corpus relief and has not shown that he has fully and properly exhausted state court remedies.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 3) is granted, and he is given thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 17th day of January, 2014, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge